IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| JUVENAL GORROSQUIETA-SANTANA, | :: | MOTION TO VACATE |
| | :: | 28 U.S.C. § 2255 |
| Movant pro se, | :: | |
| | :: | CRIMINAL NO. |
| v. | :: | 4:10-CR-0057-RLV-WEJ-1 |
| | :: | |
| UNITED STATES OF AMERICA, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 4:12-CV-0100-RLV-WEJ |

## **FINAL REPORT AND RECOMMENDATION**

This matter has been submitted to the undersigned Magistrate Judge for consideration of movant Juvenal Gorrosquieta-Santana's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [57], and the government's Response in Opposition [64]. For the reasons stated below, the undersigned **RECOMMENDS** that the Motion be **DENIED**, and that the Court deny a certificate of appealability.

## **I.   PROCEDURAL HISTORY**

A federal grand jury returned a three-count indictment against Mr. Gorrosquieta-Santana and co-defendant Jose Felix Sanchez, charging them in Count One with possessing with the intent to distribute at least fifty grams of a mixture and substance containing a detectible amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(B)(viii), and 18 U.S.C. § 2; in Count Two with possessing

a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2; and in Count Three with being aliens in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(5), 924(a)(2), and 2. (Indict. [1].) Mr. Gorrosquieta-Santana pleaded guilty to Counts One and Three, pursuant to a negotiated plea agreement in which the government agreed to dismiss the remaining count. (Guilty Plea and Plea Agreement [27] 1, 4.) The plea agreement included an appeal waiver provision, which provided that Mr. Gorrosquieta-Santana

> voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that [Mr. Gorrosquieta-Santana] may file a direct appeal of an upward departure or a variance from the sentencing guideline range as calculated by the district court.

(Id. at 9.) This provision of the plea agreement further provided that Mr. Gorrosquieta-Santana could file a cross appeal if the government appealed the sentence. (Id.) Mr. Gorrosquieta-Santana signed the plea agreement and a separate certification section, which states in relevant part:

> I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement.

2

(Id. at 10-11.)

At the plea hearing, Mr. Gorrosquieta-Santana was sworn in and testified through an interpreter. (Plea Tr. [60] 2, 4.) Mr. Gorrosquieta-Santana confirmed that he understood the nature of the offenses charged against him in Counts One and Three and that he had sufficient time to discuss this matter with his attorney. (Id. at 4-6.) The Court explained to Mr. Gorrosquieta-Santana the rights he was giving up in pleading guilty, and Mr. Gorrosquieta-Santana stated that he understood. (Id. at 7-9.) Mr. Gorrosquieta-Santana also understood that he faced a possible maximum sentence of forty years of imprisonment and a five-year mandatory minimum sentence on Count One and a possible maximum sentence of ten years of imprisonment on Count Three. (Id. at 9-10.) The Court then reviewed the terms of the appeal waiver provision of the plea agreement and its consequences, and Mr. Gorrosquieta-Santana affirmed that he understood the effect of the waiver. (Id. at 13-14.) Mr. Gorrosquieta-Santana then confirmed that no one had promised him anything not included in the plea agreement or threatened him to plead guilty. (Id. at 14.) The prosecutor then summarized what the evidence would show if the case went to trial, and Mr. Gorrosquieta-Santana agreed with those facts. (Id. at 15-17.) The Court accepted Mr. Gorrosquieta-Santana's plea. (Id. at 17.)

3

At the sentencing hearing, the Court determined that Mr. Gorrosquieta-Santana's guideline range was 135 to 168 months of imprisonment and sentenced him to a total of 135 months of imprisonment. (Sentencing Hr'g Tr. [61] 7; J. [38].) Mr. Gorrosquieta-Santana did not file a direct appeal of his convictions and sentences.

Mr. Gorrosquieta-Santana timely filed the instant Motion to Vacate, arguing that he received ineffective assistance of counsel during sentencing because counsel failed to argue that he "was only a mule" and failed to move for a downward departure to shield him from the deportation consequences of his guilty plea. (Mot. 4.) The government responds that Mr. Gorrosquieta-Santana's claims are barred by his valid appeal waiver and lack merit. (Resp. 14-20.)

## II.　DISCUSSION

### A.　Legal Standards

A federal prisoner may file a motion to vacate his sentence upon the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[T]o obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady,

4

AO 72A
(Rev.8/82)

456 U.S. 152, 166 (1982). An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Based on the record before the Court, the undersigned finds that an evidentiary hearing is not required in this case. See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted).

### B. Effect of Appeal Waiver

"It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily." Williams v. United States, 396 F.3d 1340, 1341 (11th Cir. 2005) (citation omitted). "[F]or a sentence-appeal waiver to be enforceable, '[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver.'" Id. (citation omitted). "[A] valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes [a collateral attack

5

upon] the sentence through a claim of ineffective assistance of counsel during sentencing." Id. at 1342.

The plea hearing transcript in this case reveals that Mr. Gorrosquieta-Santana voluntarily pleaded guilty with a full understanding of the charges and the consequences. (Plea Tr. 4-10, 14-17.) Moreover, the Court specifically questioned Mr. Gorrosquieta-Santana about the appeal waiver, and it is clear that Mr. Gorrosquieta-Santana understood the full significance of the waiver. (Id. at 13-14.) Accordingly, the undersigned finds that Mr. Gorrosquieta-Santana voluntarily and intelligently waived his right to appeal his convictions and sentences and to pursue any other collateral post-conviction relief. The only exceptions to this waiver, i.e. a government appeal or a sentence that exceeds the guideline range as calculated by the Court, do not apply here. Thus, Mr. Gorrosquieta-Santana's valid appeal waiver precludes his "§ 2255 claims based on ineffective assistance at sentencing." Williams, 396 F.3d at 1342.

### III. **CERTIFICATE OF APPEALABILITY**

Under Rule 22(b)(1) of the Federal Rules of Appellate Procedure, "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1).

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. foll. § 2255, Rule 11. Section 2253(c)(2) of Title 28 states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Because the denial of Mr. Gorrosquieta-Santana's Motion to Vacate based on his valid appeal waiver is not debatable by jurists of reason, the Court should deny a certificate of appealability.

## IV. CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that the Motion to Vacate [57] be **DENIED**, and that the Court **DECLINE** to issue a certificate of appealability.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

AO 72A
(Rev.8/82)

**SO RECOMMENDED**, this 1st day of August, 2012.

/s/ Walter E. Johnson
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)